UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER WAYNE MEYER and PEGGY JOANN MEYER, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) Case No. 13 CV 0225 |
| v. | ) ) Judge Joan B. Gottschall |
| A&A LOGISTICS, INC., a Texas corporation; C.H. ROBINSON COMPANY, INC., a Minnesota corporation; C.H. ROBINSON WORLDWIDE, INC., a Delaware corporation; and ROBERTO CARLOS JASSO, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION & ORDER

Plaintiffs Roger Wayne Meyer and Peggy JoAnn Meyer filed a five-count amended complaint against defendants A&A Logistics, Inc. (A&A); C.H. Robinson Company, Inc. (Robinson); C.H. Robinson Worldwide, Inc.; and Roberto Carlos Jasso. The amended complaint alleges that Mr. Jasso pulled into the right lane of an interstate from its shoulder directly in front of Mr. Meyer, and that Mr. Meyer suffered injuries as a result. Now before the court are: (1) A&A's motion to dismiss Counts I and II of the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) the Robinson entities' motion to strike Count V of the amended complaint; and (3) A&A's motion to quash subpoenas to produce employee files and personnel records related to Count I of the amended complaint.

For the reasons discussed below, the motion to dismiss is granted as to Count I but denied as to Count II; the motion to strike Count V is granted in part and denied in part; and the motion to quash is granted.

## I. FACTUAL BACKGROUND

The court accepts all well-pleaded allegations in the Meyers' complaint as true for purposes of the motion to dismiss. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

On January 3, 2012, Mr. Jasso drove a 2005 Freightliner semi-tractor pulling a leased semi-trailer while in the scope of his employment for A&A. At some point, Mr. Jasso stopped his tractor-trailer unit on the right shoulder of eastbound Interstate 80 near mile marker 124 in Will County, Illinois. When Mr. Jasso decided to pull back onto the right lane of Interstate 80, he did so directly in front of Mr. Meyer, who was operating a 2007 Freightliner truck tractor. Mr. Meyer sustained serious injuries, including a closed-head injury, fractured right tibia, multiple scalp lacerations, low back pain, and other physical injuries.

The Meyers allege that Robinson was in a joint venture with A&A to haul warehouse goods from a warehouse in Laredo, Texas to Elk Grove Village, Illinois. When the accident occurred, Mr. Jasso agreed with A&A and Robinson to transport trucks and truck parts from Illinois to Arizona. Robinson paid for this transportation, including allowances for fuel costs. Robinson was listed as the motor carrier on the bill of lading, and the bill of lading dictated the pick-up and delivery time of the goods that Mr. Jasso transported. The bill of lading ordered Mr. Jasso to contact Robinson if there were any problems with the shipment.

The amended complaint lists three causes of action against A&A. Count I alleges that A&A was negligent in its hiring, training, retention, and supervision of Jasso. Count II alleges

that A&A is liable for spoliation of evidence related to this case. Count IV alleges that A&A is liable for Mr. Jasso's negligent acts under a theory of *respondeat superior*. A&A moves to dismiss the first two counts of the amended complaint.

The amended complaint lists one cause of action against the Robinson entities. Count V alleges that Robinson engaged in a joint venture with A&A, thus Robinson is vicariously liable for Mr. Jasso's actions. The Robinson entities move to strike Count V of the amended complaint.

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged by the claimant as true and draws all reasonable inferences from those facts in the claimant's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### B. Motion to Quash

The federal rules permit liberal discovery in an effort to facilitate the trial or settlement of legal disputes. *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Rule 45 of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena if it: (1) fails to allow a reasonable time for compliance; (2) "requires a person who is neither a party nor a party's officer to travel more than 100 miles"; (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). A party moving to quash bears the burden of demonstrating that the subpoena falls within one of these categories. To evaluate whether a subpoena imposes an undue burden, the court asks whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).

**C.     Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," either on motion of a party "before responding to the pleading," or on the court's own motion. Courts generally disfavor motions to strike, but they may serve to remove unessential clutter, clarify the issues in dispute, and streamline the litigation. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The moving party "bears the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

### D. Choice of Law

The Meyers invoke this court's jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the Meyers are citizens of Iowa; A&A is a Texas corporation; the Robinson entities are Delaware and Minnesota corporations; and Jasso is a citizen of Texas. When a federal court sits in diversity, it applies state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (construing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). To determine which state's substantive law governs, the court applies the forum state's choice-of-law rules. *Auto-Owners Ins. Co. v. Websolve Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009).

### III. ANALYSIS

### A. Choice of Law

As a preliminary matter, the court must determine what state's substantive law applies under Illinois's choice-of-law rules. "Where neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law." *ECHO, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995). Here, the parties agree that Illinois law applies. Accordingly, the court applies Illinois substantive law.

### B. Count I: Negligent Hiring, Training, Retention, and Supervision

The Meyers allege that A&A was negligent in its hiring, training, retaining, and supervising of Mr. Jasso. Specifically, they allege that Mr. Jasso was unqualified, negligent, and careless in operating A&A's semi tractor-trailer, thus A&A should not have entrusted the vehicle to Mr. Jasso. They also allege that A&A chose not to properly train its drivers on how to safely operate a semi tractor-trailer.

A&A moves to dismiss this count of the complaint for failure to state a claim upon which relief can be granted. It argues that under Illinois law, "once an employer admits responsibility under *respondeat superior*, a plaintiff may not proceed against the employer on another theory of imputed liability such as negligent entrustment or negligent hiring." *Gant v. L.U. Transport, Inc.*, 770 N.E.2d 1155, 1158 (Ill. App. Ct. 2002). In its response to the Meyers' request for admissions under Rule 36, A&A admitted its responsibility for Mr. Jasso under a theory of *respondeat superior*, stating: "A&A . . . admits that, on January 3, 2012, Roberto Carlos Jasso was operating a certain 2005 Freightliner semi-tractor, Model Columbia 120, in the course and scope of his employment with A&A . . . ." Accordingly, A&A asks this court to dismiss Count I based on *Gant*.

The *Gant* court's holding is directly on point: "Notwithstanding the fact that Illinois is a comparative negligence jurisdiction, a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or negligent entrustment against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory." *Gant*, 770 N.E.2d at 1159 (footnote omitted). That is precisely the theory under which the Meyers attempt to proceed.

The Meyers argue that the reasoning in *Gant* relies on the continued viability of *Neff v. Davenport Packing Co.*, 268 N.E.2d 574, 575 (Ill. App. Ct. 1971), which had substantially the same holding as *Gant*. But ten years after *Neff*, Illinois became a comparative-negligence jurisdiction. *Gant*, 770 N.E.2d at 1159. In *Lorio v. Cartwright*, 768 F. Supp. 658 (N.D. Ill. 1991), another judge on this court expressed his doubt that *Neff* would remain viable under Illinois law under a comparative-negligence regime. *Lorio*, 768 F. Supp. at 661. But *Lorio* was decided before *Gant*. The *Gant* rule remains a majority rule in the states that have considered the

6

issue, *see Finkle v. Regency CSP Ventures Ltd. P'ship*, No. CIV 13-4019, -- F. Supp. 2d --, 2014 WL 2767374, at *3 (D.S.D. June 18, 2014) (gathering cases), including states that have adopted a comparative-negligence rule. *E.g.*, *Davis v. Macey*, 901 F. Supp. 2d 1107, 1111 (N.D. Ind. 2012) (construing Indiana law); Ind. Code § 34-51-2-6 (Indiana's comparative-negligence statute). In *Gant*, the Appellate Court of Illinois acknowledged and rejected the argument that the *Neff* rule no longer applies under a comparative-negligence regime.

The court concludes that under Illinois law as articulated in *Gant*, Count I must be dismissed.

## C. Count II: Spoliation

The Meyers allege that A&A has a duty under the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.3(e)(1), to "preserve evidence that would allow Plaintiffs to ascertain if Defendant's agents' conduct towards Plaintiffs was simply an incident of isolated negligent conduct or if it was caused by willful and wanton disregard of the Federal Motor Carrier Safety Regulations." (First Am. Compl. at 7, ECF No. 24.) The complaint lists three sets of records that A&A allegedly failed to preserve and cites the corresponding regulation requiring that those records be maintained: (1) hourly log records of Mr. Jasso; (2) records of information received from Mr. Jasso's previous employers; and (3) a written record explaining why Mr. Jasso did not receive an alcohol test or substance-abuse test within two hours of the collision. The Meyers allege that failure to keep those records breached A&A's duty to preserve evidence, which "was a proximate cause of Plaintiffs' inability to prove an otherwise valid claim for punitive damages against A&A . . . ." (*Id.* at 8.)

A&A argues that Illinois law does not recognize an independent action for spoliation of evidence. A&A is mistaken. Illinois law recognizes an independent cause of action for

negligent spoliation of evidence. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995), *construed in Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317 (7th Cir. 1996) (noting that in *Boyd*, the Supreme Court of Illinois "recognized that a claim for *negligent* spoliation of evidence could be stated under existing Illinois negligence law without creating a new tort; it did not reach the question whether to recognize a tort for *intentional* spoliation of evidence").

Under Illinois law, "[t]he essential elements of a cause of action based on common law negligence may be stated briefly as follows: the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Ward v. K Mart Corp.*, 554 N.E.2d 223, 226 (Ill. 1990). A&A does not contest that it had a duty to preserve evidence that is relevant to determining whether it acted with "willful and wanton disregard" of the Federal Motor Carrier Safety Regulations. Nor does A&A contest that it breached that duty, and that the breach was the proximate cause of the Meyers' inability to include a punitive-damages claim against A&A.

The court must accept the well-pleaded allegations in the amended complaint as true for purposes of a motion to dismiss. Doing so, the court concludes that Count II states a claim for negligent spoliation of evidence upon which relief can be granted. Accordingly, A&A's motion to dismiss Count II of the complaint is denied.

**D.     Count V: Joint Venture**

The Robinson entities' motion is titled "C.H. Robinson Company Defendants' Motion to Strike" and asks the court "to strike the Plaintiffs' joint venture allegations of Count V of the First Amended Complaint because those allegations fail to allege the necessary elements of joint venture liability." (Mot. to Strike at 1, ECF No. 30.) The Robinson entities purport to bring the motion "pursuant to Rule 12(b)(6), Rule 12(f) and Rule 8(d) of the Federal Rules of Civil

Procedure." (*Id.*) But the motion fails to explain why Count V contains "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Robinson entities fail to meet their burden of showing that Count V should be stricken. Accordingly, the court denies the motion on Rule 12(f) grounds.

But the court's inquiry does not stop there. Both sides' briefing treats the motion to strike as a motion to dismiss pursuant to Rule 12(b)(6); for example, the Meyers' response brief states: "Plaintiffs' burden to survive this Motion to Strike is to plead sufficient factual matter to state a claim to relief that is plausible on its face." (Resp. at 1, ECF No. 34 (citing *Iqbal* and *Twombly*)). Similarly, the motion to strike seeks relief under Rule 12(b)(6). (Mot. to Strike at 1, ECF No. 30; *see also id.* at 4 (arguing that the amended complaint is "insufficient to assert a claim for joint venture liability against Robinson").) Accordingly, the court construes the motion to strike as including a motion to dismiss for failure to state a claim under Rule 12(b)(6).

The parties agree that to establish the existence of a joint venture under Illinois law, a plaintiff must allege five elements:

> (1) an express or implied agreement to carry on some enterprise; (2) a manifestation of intent by the parties to be associated as a joint venture; (3) a joint interest as shown by the contribution of property, financial resources, effort, skill, or knowledge; (4) a degree of joint proprietorship or mutual right to the exercise of control over the enterprise; and (5) a provision for joint sharing of profits and losses.

*Autotech Tech. Ltd. v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006) (interpreting Illinois law). As the Robinson entities acknowledge, the elements do not need to be pled with a great deal of specificity, but the court "must be able to infer each of the elements of a . . . joint venture from the facts and conclusions alleged in Plaintiff's complaint." *Roberts v. Std. Ins. Co.*, No. 04 C 2027, 2004 WL 2367741, at *7 (N.D. Ill. Oct. 15, 2004).

The fifth element requires a plaintiff to allege that the parties had a provision for joint sharing of profits and losses. The Meyers argue that the following complaint allegations allow the court to infer the existence of a provision for joint sharing of profits and losses:

- Robinson, Mr. Jasso, and A&A agreed to transport trucks and truck parts from Illinois to Arizona;

- On the date of the accident, A&A was engaged as a for-hire motor carrier;

- Robinson was listed as the motor carrier on the bill of lading;

- Robinson paid A&A and Mr. Jasso for transportation, including an allowance for fuel costs; and

- Robinson required delivery at a set appointment time and would fine Mr. Jasso and/or A&A if the delivery was not on time.

The court does not see how these allegations imply the existence of a provision for joint sharing of profits and losses between Robinson and A&A. At most, these allegations indicate that Robinson and A&A had a business relationship involving transportation of truck parts. The amended complaint complains no allegation from which the court can infer that the parties had a provision for joint sharing of profits and losses.

Because the amended complaint does not make a prima facie case for the existence of a joint venture, Count V does not state a claim upon which relief can be granted. The court dismisses Count V of the amended complaint pursuant to Rule 12(b)(6).

**E.      Motion to Quash**

The Meyers submitted subpoenas to five of Mr. Jasso's previous employers, requiring them to produce all personnel files and employment records pertaining to Mr. Jasso. The Meyers also submitted subpoenas to three previous employers of Jesus Chavez-Cornelio, an employee of A&A who was a passenger in the vehicle that Mr. Jasso was driving during the accident. A&A moves to quash the subpoenas on the basis that the information sought is not relevant to the case.

As discussed above, the court dismisses Count I of the amended complaint, in which the Meyers allege that A&A is liable for negligent hiring, training, retention, and supervision of Mr. Jasso. The information sought in the subpoenas is not relevant to any count of the amended complaint other than Count I. Because the court dismisses Count I, the information sought in the subpoenas is not "relevant to any part's claim or defense." Fed. R. Civ. P. 26(b)(1).

The court concludes that compliance with the subpoena is an undue burden under Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure because "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004); *see* Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iv) subjects a person to undue burden."). The court grants A&A's motion to quash.

## IV. CONCLUSION

The court grants A&A's motion to dismiss Count I of the first amended complaint for failure to state a claim upon which relief can be granted, but denies A&A's motion to dismiss Count II. The Robinson entities' motion to strike Count V of the first amended complaint is denied as to Rule 12(f) but granted as a motion to dismiss pursuant to Rule 12(b)(6). A&A's motion to quash the subpoenas to produce employee files and personnel records is granted. A status hearing is set for August 13, 2014 at 9:30 a.m.

ENTER:

\_\_\_\_\_/s/\_\_\_\_\_
JOAN B. GOTTSCHALL
United States District Judge

DATED: July 24, 2014